1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN DWAYNE HOLT, CDC #J-66891,<br><br>                              Plaintiff,<br>     vs.<br><br>ROBERT J. HERNANDEZ, et al.,<br><br>                              Defendant. | CASE NO. 04cv1910-L (WMc)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE GRANTING DEFENDANTS' MOTION TO DISMISS PURSUANT TO Fed.R.Civ.P. 12(b) and 42 U.S.C. 1997e(a) |

This report and recommendation is submitted to United States District Court Judge M. James Lorenz pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72. 3 of the United States District Court for the Southern District of California.

**I. Procedural Background**

On September 22, 2004, Plaintiff, Calvin Wayne Holt, an inmate currently incarcerated at California Medical Facility ("CMF"), filed a Complaint against Defendants Warden Robert J. Hernandez, Associate Warden Brenda Early, Associate Warden of Business Services Octavio Peraza, and Facility 1 Laundry Personnel Chris Howerton pursuant to 42 U.S.C. § 1983. The Complaint alleges three causes of action, each stating a violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment, and Fourteenth Amendment rights to due process and equal protection of the law. Plaintiff alleges these violations occurred when Defendants regularly failed to provide inmates with clean bed linens, creating unsanitary

1   conditions, and when prison administration subsequently failed to respond to Plaintiff's

2   administrative appeal at the second formal level.

3          On March 29, 2005, Defendants filed a motion to dismiss Plaintiff's complaint pursuant to

4   Federal Rules of Civil Procedure12(b).  The motion was based on the argument that Plaintiff failed

5   to allege and exhaust all administrative remedies as required under the Prison Litigation Reform

6   Act ("PLRA"), 42 U.S.C. § 1997e. On September 7, 2005, Magistrate Judge Stiven submitted a

7   Report and Recommendation ("R&R") to District Judge Lorenz recommending that Defendants'

8   motion be denied.  On October 5, 2005, District Judge Lorenz adopted the R&R in its entirety.  On

9   October 20, 2005, Defendant filed an answer.  On April 5, 2006, Magistrate Judge McCurine

10  ordered Plaintiff's First Amended Complaint to be filed as of February 13, 2006.  On January 26,

11  2007, the Court ordered the Clerk of Court to provide a copy of Plaintiff's First Amended

12  Complaint (FAC) to Defendants and ordered Defendants to file a responsive pleading.  On

13  February 16, 2007, Defendant filed a motion to dismiss Plaintiff's FAC.  Plaintiff filed an

14  opposition on March 22, 2007.  Similarly, Defendant's filed a reply on March 22, 2007.

15  **II. Factual Background**

16         According to Plaintiff from February 2004 through September 2004, he was denied "the

17  minimal civilized measures of sanitation and personal safety" due to the fact that Defendants were

18  "rationing" sheets "at the rate of approximately 20 sheets per week 'on a first come first serve

19  basis'" to an inmate population of 800-1000 inmates. (FAC at 3.)  Plaintiff contends that

20  Defendants were aware of the sheet shortage but did nothing and "the offending

21  conditions/conduct" continued which resulted in Defendant's deliberate indifference towards the

22  issue." (FAC at 3-3a.)  Due to a lack of clean sheets, Plaintiff alleges he began "experiencing skin

23  irritation/ailment that caused continuous scratching." (FAC at 4.)  Plaintiff claims his skin

24  condition worsened, compelling him to seek medical treatment. He was prescribed medicated

25  lotion and given a note for clean sheets.  (Id.)  Plaintiff contends that Defendants' continual failure

26  provide clean sheets caused all inmates to suffer "inhumane conditions that constituted excessive

27  risk."(FAC 3-3a.)

28

### III.   Defendants' Fed.R.Civ.P. 12(b)(6) Motion

Defendants seek dismissal of Plaintiff's Complaint on the grounds that "Plaintiff failed to plead any facts implicating the Fourteenth Amendment; failed to plead a sufficiently grave deprivation to state a claim under the Eighth Amendment; and failed to show Defendants acted with deliberate indifference toward Plaintiff's health and safety." (Defs. Reply at 2.)

#### 1.  Standard of Review

A Rule 12(b)(6) motion tests the legal sufficiency of a claim.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996).  In deciding such a motion, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill*, 80 F.3d at 338.  Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.  *Navarro*, 250 F.3d at 732 (citing *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1988)).

In addition, where a plaintiff appears *in propria persona* in a civil rights case, the court must also be careful to construe the pleadings liberally and afford plaintiff any benefit of the doubt.  *See Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988); *Bretz v. Kelman*, 773 F.2d 1026, 1027, n.1 (9th Cir. 1985) (en banc). The rule of liberal construction "is particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel.").  In giving liberal interpretation to a *pro se* civil rights complaint, however, a court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*; see also *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977) ("Conclusory allegations, unsupported by facts, [will be] rejected as insufficient to

1   state a claim under the Civil Rights Act.").  Thus, at a minimum, even the *pro se* plaintiff "must

2   allege with at least some degree of particularity overt acts which defendants engaged in that

3   support [his] claim."  *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir.

4   1984).

5        As a general rule, when resolving a motion to dismiss for failure to state a claim, the court

6   may not consider materials outside the pleadings.  *Schneider v. California Dep't of Corrections*,

7   151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  "The focus of any Rule 12(b)(6) dismissal. . .is the

8   complaint." *Id*. at 1197 n.1.  However, the court may consider facts established by exhibits

9   attached to the complaint. *Durning v. First Boston Corp*., 815 F.2d 1265, 1267 (9th Cir. 1987). The

10  court may also disregard allegations in the complaint if they are contradicted by facts established

11  by exhibits attached to the complaint. *Id*.  The Court is not required to accept as true conclusory

12  allegations, unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council*

13  *v. Watt*, 643 F.2d 618, 624 (9th Cir.) cert denied, 454 U.S. 1031, 102 S.Ct. 567 (1981).  In addition,

14  the Court need not accept legal conclusions "cast in the form of factual allegations." *Id*.

15       A *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity

16  to amend, unless the complaint's deficiencies can not be cured by amendment. See *Noll v.*

17  *Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

18       **2. Analysis**

19       Defendant contends that plaintiff fails to state a claim under either a substantive or

20  procedural due process analysis. (MTD at 4.)

21       **A.  Due Process**

22           **a.  Procedural Due Process**

23       To plead procedural due process violations, a plaintiff must allege: (1) a life, liberty or

24  property interest exists and has been subject  to interference by the state; and (2) the procedures

25  attendant upon the deprivation of an existing interest were constitutionally insufficient. *Kentucky*

26  *Dept. Of Corrections v. Thompson*, 490 U.S. 454, 460 (1990).

27       Section 1983 is not itself a source of substantive rights, but merely provides a method for

28  vindicating federal rights elsewhere conferred. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

1    The requirements of procedural due process apply only to the deprivation of interests encompassed

2    by the Fourteenth Amendment's protection of liberty and property. *Board of Regents v. Roth*, 408

3    U.S. 564, 569 (1972).

4          In addition to liberty interests that arise directly from the Constitution, however, courts

5    have long recognized that state prison regulations may give rise to liberty interests that are

6    protected by the Fourteenth Amendment.  *Meachum v. Fano*, 427 U.S. 215, 223-227 (1976).

7    Nonetheless, the interest created by the regulation must be something more than freedom from the

8    restrictions ordinarily contemplated by a prison sentence.  *Sandin v. Conner*, 115 S. Ct. 2293

9    (1995).  The interests created by state prison regulations are "generally limited to freedom from

10   restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to

11   protection by the Due Process Clause of its own force, nonetheless impose[] atypical and

12   significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 2300

13   (citations omitted).

14         **b. Substantive Due Process**

15         To plead a substantive due process violation, a plaintiff must allege governmental action

16   which deprives plaintiff of a life, liberty or property interest which may not be deprived regardless

17   of the procedure employed.  *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S.

18   833, 846-50 (1992); *Daniels v. Williams*, 474 U.S. 327, 331 (1986).  State action that "do[es] more

19   than offend some fastidious squeamishness or private sentimentalism, "but rather, 'shocks the

20   conscience' to the point that it 'is bound to offend even hardened sensibilities'" can be said to

21   violate due process.  *Rochin v. California*, 342 U.S. 165, 172 (1952).

22         Under this standard, substantive due process violations have been limited to a small

23   number of issues.  *Albright v. Oliver*, 510 U.S. 266, 271-72 (1994).  In *Collins v. Harker Heights*,

24   503 U.S. 115 (1992), the Supreme Court noted that "as a general matter, the Court has always been

25   reluctant to expand the concept of substantive due process because the guideposts for responsible

26   decision making in this unchartered area are scarce and open-ended." *Id*. at 124.  Accordingly, the

27   protections of substantive due process have for the most part been accorded to matters relating to

28   marriage, family, procreation, and the right to bodily integrity.

1    ////

2           **c) Claim one**

3           In his complaint, Plaintiff asserts in his first claim for relief an "8th Amendment Freedom

4    From Cruel and Unusual Punishment; 14th Amendment Right Due Process Of The Law and Equal

5    Protection of the Law." (FAC at 3.)

6           Plaintiff then presents a page and a half of allegations in which he contends that from

7    approximately February 2004, until at least May 22, 2004, the Facility 1 Laundry room deprived

8    Plaintiff and the other inmates of Facility 1 "of the minimal civilized measures of sanitation and

9    personal safety, by rationing out sheets at a rate of approximately 20 sheets per week 'on a first

10   come first served basis.'" (FAC at 3.)

11          Nowhere in claim one does Plaintiff identify how his procedural or substantive 14th

12   Amendment due process rights are implicated.  Although "certain wrongs affect more than a single

13   right, and accordingly, can implicate more than one of the Constitution's commands," *Armendariz*

14   *v. Penman*, 75 F.3d 1311, 1320 (9th Cir. 1996), the Supreme Court has held that where a claim can

15   be analyzed under "an explicit textual source" of rights in the Constitution, a court may not also

16   assess the claim under another, "more generalized source." *Graham v. Connor*, 490 U.S. 386 ,

17   394-95 (1989).  In this case, the Eighth Amendment provides specific limits on the type of

18   government conduct complained of by Plaintiff.  Therefore, Plaintiff's claim should be analyzed

19   under the Eighth Amendment and not under the Fourteenth Amendment's substantive due process

20   provisions.

21          Accordingly, it is recommended that Defendants' motion to dismiss Plaintiff's request for

22   relief pursuant to the Fourteenth Amendment as presented in claim one be GRANTED.

23          **d) Claim two**

24          Plaintiff's second claim for relief alleges "8th Amendment Freedom From Cruel and

25   Unusual Punishment ; 14th Amendment Right to Due Process of the Law and Equal Protection Of

26   The Law." (FAC at 4.)   As discussed above, Plaintiff cannot "double up" his constitutional claims

27   by asserting a generalized Fourteenth Amendment Due Process claim and a specific Eighth

28   Amendment claim.  Because an explicit textual provision of the constitution protects Plaintiff from

1   the governmental conduct complained of, Plaintiff is precluded from obtaining additional relief

2   under the notion of due process. *Armendariz v. Penman*, 75 F.3d 1311, 1319 (9th Cir. 1996).

3       For this reason, it is recommended that Defendants' motion to dismiss Plaintiff's request

4   for relief pursuant to the Fourteenth Amendment as presented in claim two be GRANTED.

5       **B. Equal Protection**

6       Defendants seek to dismiss Plaintiff's equal protection claim on the ground Plaintiff "does

7   not specifically allege a factual basis for this claim." (Defs. Mtn. to Dismiss at 5.) Defendant

8   contends "Plaintiff has failed to allege that he was treated differently than other inmates... ." (Defs.

9   Mtn. to Dismiss at 6.)

10      "'The purpose of the equal protection clause of the Fourteenth Amendment is to secure

11  every person within the State's jurisdiction against intentional and arbitrary discrimination,

12  whether occasioned by express terms of a statute or by its improper execution through duly

13  constituted agents.'"  *Sioux City Bridge Co. v. Dakota County*, 260 U.S. 441, 445 (1923) (quoting

14  *Sunday Lake Iron Co. v. Township of Wakefield*, 247 U.S. 350, 352 (1918)); *Village of Overbrook*

15  *v. Olech*, 528 U.S. 562, 564 (2000).

16      Conclusory allegations of discrimination are insufficient to withstand a motion to dismiss,

17  unless the plaintiff alleges facts which may prove invidious discriminatory intent.  *Village of*

18  *Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265 (1977).

19  Therefore, when an equal protection violation is alleged, the plaintiff must plead facts to show that

20  the defendant "acted in a discriminatory manner and that the discrimination was intentional."

21  *FDIC. v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991) (citations omitted); *Reese v. Jefferson*

22  *School Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000).  "'Discriminatory purpose' . . . implies more

23  than intent as volition or intent as awareness of consequences.  It implies that the decision maker .

24  . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in

25  spite of,' its adverse effects upon an identifiable group."  *Personnel Administrator of*

26  *Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979).

27      In his First Amended Complaint, Plaintiff does not allege any statements or actions made

28  by Defendants that rise to the level of an equal protection violation based upon race or other

- 7 -                                04cv1910-L (WMc)

protected class. Plaintiff does not allege that any named defendant made specific derogatory racial

or other discriminatory remarks at the time of the alleged incident.  Even if Plaintiff had properly

alleged Defendants' use of some type of discriminatory slurs, "verbal abuse is not sufficient to

state a constitutional deprivation under 42 U.S.C. § 1983." *Oltarzewski v. Ruggiero*, 830 F.3d 136,

139 (9th Cir. 1987).

What is required is proof of an intent to discriminate. *Washington v. Davis*, 426 U.S. 229

(1976).  Plaintiff fails to assert *any* circumstances wherein Defendants singled out specific

categories of inmates to which Plaintiff belongs for intentional discriminatory treatment.

Accordingly, it is recommended that Defendants' motion to dismiss Plaintiff's equal

protection claim be **GRANTED**.

**C. Eighth Amendment**

Defendants assert: 1) "plaintiff has failed to plead a sufficiently grave deprivation to state a

claim under the Eighth Amendment;" and 2) "plaintiff has failed to plead any facts that Defendants

were deliberately indifferent." (Defs. Mtn to Dismiss at 7-8.)

"Whatever rights one may lose at the prison gates,... the full protections of the Eighth

Amendment most certainly remains in force.  The whole point of the amendment is to protect

persons convicted of crimes."  *Spain v. Procunier*, 600 F.2d 189, 193-94 (9th Cir. 1979)(citation

omitted).  The Eighth Amendment, however, is not a basis for broad prison reform.  It requires

neither that prisons be comfortable nor that they provide every amenity one might find desirable.

*Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th

Cir. 1982).  Rather, the Eighth Amendment proscribes the "unnecessary and wanton infliction of

pain," which includes those sanctions that are "so totally without penological justification that it

results in the gratuitous infliction of suffering." *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976);

*see also Farmer v. Brennan*, 511 U.S. 825, 834 (1944); *Rhodes*, 452 U.S. at 347.  This includes not

only physical torture, but any punishment incompatible with "the evolving standards of decency

that mark the progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 101 (1958); *see also*

*Estellle v Gamble*, 429 U.S. 97, 102 (1976).

"The requirements for proving an actionable violation of the Eighth Amendment are well

established.  First, an inmate must demonstrate that the deprivation suffered was "objectively, 'sufficiently serious.'" *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995) (internal citations omitted).  "Then, the inmate must establish that prison officials had a 'sufficiently culpable state of mind' in allowing the deprivation to take place. The latter requirement has been defined as being 'deliberately indifferent' to an inmate's health or safety." *Id*.  "Thus, there is both an objective and a subjective component to an actionable Eighth Amendment violation." *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002).

**a) Objective requirement**

"Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities."  *Farmer*, 511 U.S. at 834.  This objective component is satisfied so long as the institution "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety."  *Hoptowit*, 682 F.2d at 1246; *Farmer*, 511 U.S. at 833; *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

In this case, Plaintiff claims that the system used to distribute clean sheets was insufficient to meet the clean sheet requirements of the inmates and "linen/sheets distribution was contrary to civilized standards of decency." (FAC at 2.)  Plaintiff explains that clean sheets were distributed every week on a first come first served basis and that the number of sheets distributed in this manner was insufficient and rises to the level of Eighth Amendment cruel and unusual punishment. Id.

In response, Defendants assert that Plaintiff fails to present any evidence that he experienced a "complete lack of laundered sheets over an extended period of time." (Defs. Mtn. to Dismiss at 7.)  Additionally, Defendants assert that Plaintiff fails to allege he was personally deprived of clean sheets for an extended period of time. Id.  In short, Defendants contend that the conditions of confinement of which Plaintiff complains do not violate the constitution.

In determining, whether a specific deprivation of a basic need is adequate to satisfy the objective requirement of an Eighth Amendment claim, the Court must consider the circumstances of the deprivation. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000), *cert. denied*, 121 S.Ct. 2215 (2001).  As noted above,  prisons need not "be comfortable" or "provide every amenity that

1    one might find desirable." *Hoptowit v. Ray* 682 F.2d 1237, 1246 (9th Cir. 1982).

2

3         Here, the Court has reviewed Plaintiff's complaint and finds his allegation does not state a

4    constitutional claim.  Plaintiff's claim is not sufficiently serious to implicate the Eighth

5    Amendment nor any other constitutional provision.  Federal judicial relief is not available as a

6    remedy for minor inconveniences which are a part of prison life.

7         **b) Subjective Requirement**

8         The subjective requirement, relating to the defendants' state of mind, requires "deliberate

9    indifference." *Allen*, 48 F.3d at 1087.  "Deliberate indifference" exists when a prison official

10   "knows of and disregards an excessive risk to inmate health and safety; the official must be both

11   aware of facts from which the inference could be drawn that a substantial risk of serious harm

12   exists, and he must also draw the inference." *Farmer*, 511 U.S. at 835.

13        In this case, Plaintiff claims a deprivation of clean linen/sheets for a period of months

14   "possibly causing" Plaintiff to develop a skin irritation for which he consulted the Facility's

15   physician. (FAC at 4.)  Plaintiff further states he was proscribed medicated cream "(Elimite 5%)

16   used to treat and combat scabies." Id.  Plaintiff contends the "deprivation of clean linen/sheets"

17   subjected him to "INHUMANE conditions." Id.

18        In response, Defendants point to Plaintiff's Attachment One page 35,  a letter from

19   Associate Warden, Octavio Peraza.  The letter is dated May 24, 2004, and is directed to Inmate

20   Pace, the Chairman of the Mens' Advisory Council, and states:

21         *I am in receipt of your letter dated May 18, 2004, expressing concerns*

22   *regarding the lack of clean sheets on Facility 1 for the last several months.*

23         *A review of the clothing logs indicates that on May 13, 2004, clean sheets*

24   *were distributed to all of the inmates on Facility 1.*

25         *Our institution is closely monitoring all clothing rooms to eliminate any*

26   *shortages.  In order to reduce clothing shortages, additional clothing including*

27   *sheets have been ordered.  Additionally, cell searches are conducted to retrieve*

28   *excess clothing to be placed back into circulation.*

1                  *Should you experience any further problems, please contact the Program*

2       *Office on your facility.*

3

4          Defendants argue that this letter attached to Plaintiff's FAC demonstrates a complete lack

5 of "deliberate indifference" to a substantial risk of serious harm.  "In this case, Plaintiff not only

6 fails to plead any facts showing that Defendants were deliberately indifferent, but instead, provides

7 evidence that the prison officials were taking reasonable measures to address the linen shortage."

8 (Defs. Mtn. to Dismiss at 9.)

9          Defendants also point to additional attachments submitted by Plaintiff which clearly

10 demonstrate that their actions did not amount to "deliberate indifference."  First, Plaintiff was

11 issued a "Clothing/Linen Slip" authorizing him to receive a "bed roll" in compliance with the

12 Facility doctor's prescription for clean sheets. (Attachment One at 30.)  Second, in a letter dated

13 October 19, 2001 to Inmate Mitchell Berg, Regional Administrator K.W. Prunty acknowledged

14 Inmate Berg's concerns regarding clean linen/sheet exchange.  Administrator Prunty noted that

15 specific monitoring procedures had been implemented to "ensure institutional policies and

16 procedures relative to clothing and linen exchanges will be conducted correctly and efficiently

17 within the Department Operations Manual guidelines."(Attachment One at 26.)  Third, a July 6,

18 2004, memo to Plaintiff regarding his 602 appeal on the issue of adequate laundry supplies

19 indicates that Plaintiff's appeal was partially granted at the first level of review.  The memo states

20 in pertinent part:

21                  *At the time of your interview, Facility 1 clothing room had an adequate*

22       *supply of clean sheets, for laundry exchange.*

23                  *You stated during the interview that you have been able to exchanging*

24       *(sic) sheets.  If sheets were not available on your exchange day, clothing staff*

25       *allowed you to exchange your sheets the next day.*

26                  *Facility 1 clothing supervisor will continue to monitor clothing and linen*

27       *needs.*

28       (Attachment One at 22.)

1    Defendant argues that all these facts taken together do not support the subjective

2    component of Plaintiff's Eighth Amendment claim.

3

4    Based upon Plaintiff's own attachments to his First Amended Complaint, the Court finds

5    he has failed to demonstrate Defendants acted with deliberate indifference. Proof of an official's

6    deliberate indifference to the health or safety of an inmate requires more than proof of mere

7    negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

8    Accordingly, it is recommended that Defendant's motion to dismiss Plaintiff's Eighth

9    Amendment claim be **GRANTED**.

10    **D. Dismissal with Prejudice**

11    "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely

12    clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v.*

13    *Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988)(internal citations omitted). "Liberality

14    in granting a plaintiff leave to amend 'is subject to the qualification that the amendment not cause

15    undue prejudice to the defendant, is not sought in bad faith, and is not futile." *Bowles v. Reade*,

16    198 F.3d 752, 757 (9th Cir. 1999).

17    Based upon Plaintiff's own submissions, it is clear that the deficiencies in his complaint

18    cannot be cured by amendment.  As noted above, Plaintiff's Due Process claims fail because the

19    undisputed facts explicitly define a claim under the Eighth Amendment, thereby barring Plaintiff

20    from raising the same claim under the more general Fourteenth Amendment.

21    Further,  revising Plaintiff's Eighth Amendment claim would also be futile based upon the

22    facts already presented.  According to Plaintiff, clean sheets were distributed but only in a limited

23    number and in a procedurally inadequate method. These facts, as asserted by Plaintiff, do not rise

24    to the level of cruel and unusual punishment because the alleged deprivation is not sufficiently

25    serious.  Additionally, based upon Plaintiff's own submissions, Defendants were cognizant of the

26    complaints regarding clean sheets and acted to remedy the situation by implementing specific

27    procedures.  Thus, it appears that no amount of revision to Plaintiff's Eighth Amendment claim

28    can establish Defendants acted with "deliberate indifference."

1    Likewise, Plaintiff's Equal Protection claim cannot be saved by amendment. After a

2  thorough review of the entire complaint (including attachments), the Court cannot find any fact

3  that justifies granting Plaintiff an opportunity to amend his Equal Protection claim. Indeed, to

4  allow Plaintiff to amend his Equal Protection claim at this juncture would cause undue prejudice to

5  Defendants. It appears that based on all of the facts and the inferences that can be drawn from

6  them in Plaintiff's favor, there is simply no basis for a valid Equal Protection claim. "Courts are

7  not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith,* 203 F.3d

8  1122, 1129 (9th Cir. 2000).

9    Accordingly, it is recommended that Defendant's motion to dismiss be granted and that

10 Plaintiff's complaint be dismissed with prejudice.

11 **IV. Conclusion**

12    For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that the Court issue an

13 Order **GRANTING** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint pursuant

14 o Fed.R.Civ.P. 12 (b). It is further recommended that the Court dismiss Plaintiff's First Amended

15 Complaint **with prejudice**.

16    IT IS ORDERED that no later than **July 27, 2007**, any party to this action may file

17 written objections with the Court and serve a copy on all parties. The document should be

18 captioned "Objections to Report and Recommendation." Any reply to the objections shall be filed

19 the Court and served on all parties no later than **August 10, 2007**. The parties are advised that

20 failure to file objections within the specified time may waive the right to raise those objections on

21 appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v.*

22 *Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

23 DATED:   July 9, 2007

24 

25    Hon. William McCurine, Jr.
     U.S. Magistrate Judge
26    United States District Court

27 cc: Honorable M. James Lorenz
        United States District Judge
28
   All Counsel and Parties of Record

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

04cv1910-L (WMc)